JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ISOM,<br><br>    Plaintiff,<br><br>v.<br><br>TRUSTMARK INSURANCE COMPANY (a business entity, form unknown); and DOES 1 through 100, Inclusive,<br><br>    Defendants. | Case No. SACV09-812 JVS (MLGx)<br><br>**JUDGMENT** |

    This action came on for hearing on September 13, 2010 before the Honorable James V. Selna, District Judge, on a Motion for Summary Judgment filed by Defendant Trustmark Insurance Company ("Trustmark"). For the following reasons, this Court grants the Defendant's Motion for Summary Judgment in favor of Defendant Trustmark and against Plaintiff Patrick Isom ("Isom").

    Isom's lawsuit derives from the allegation that Trustmark misrepresented Isom's life expectancy which caused him to enter into a release and settlement agreement for an amount much less than the case was worth. [*See* Compl., ¶¶ 12-

16; Exh. "H" to Kojima Decl.] Trustmark moved for summary judgment on the following two grounds: (1) any actionable "misrepresentations" took place during the mediation and thus would be considered privileged communications under California Evidence Code § 1119; and (2) under existing California law, the release prevents Isom from re-litigating what he should have been paid for his disability claim unless he first moves to rescind the settlement agreement. *See Village Northridge Homeowners Association v. State Farm Fire & Casualty Company*, ____ Cal.4th ____ (August 30, 2010).

For the reasons stated in more detail in its tentative ruling, which the Court hereby adopts as its final ruling in this case, Trustmark's motion is GRANTED. This Court finds that any actionable "misrepresentations" took place during the mediation in front of Robert Kaplan on May 9, 2007, and thus would be considered privileged communications under California Evidence Code § 1119. Thus, Isom cannot establish that any misrepresentations were made to him by Trustmark as a matter of law. This Court also finds that under *Village Northridge Homeowners Association v. State Farm Fire & Casualty Company*, ____ Cal.4th ____ (August 30, 2010), Isom is required to first move to rescind the release he entered into on May 9, 2007 and cannot affirm the release and sue for additional damages as he has tried to do in this litigation.

Thus, the evidence presented having been fully considered, the issues having been duly heard, and a decision having been rendered to grant the Motion for Summary Judgment in favor of Trustmark and against Isom, IT IS ORDERED AND ADJUDGED that Isom take nothing, that the action against Trustmark be dismissed on its merits, that judgment in favor of Trustmark and against Isom be

/ / /

/ / /

1  / / /

2  entered forthwith, and that Trustmark may recover its costs of suit pursuant to 28
3  U.S.C. § 1920.

4

5  Dated: October 01, 2010

6  _____
   Hon. James V. Selna
   United States District Judge

7

8

9  APPROVED AS TO FORM ONLY:

10

11

12  By: */s/ John K. Saur*
       *As authorized on September 17, 2010*
       John K. Saur
13     Attorney for Plaintiff Patrick Isom

14

15

16  By: */s/ Michael B. Bernacchi*
       Michael B. Bernacchi
17     Attorney for Defendant Trustmark
       Insurance Company

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4820-7479-6295 v1

- 3 -

CASE NO. SACV09-812 JVS (MLGX)
JUDGMENT